IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SALVADOR JIMENEZ | § | |
| v. | § | CIVIL ACTION NO. 9:08cv214 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Salvador Jimenez, proceeding pro se, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jimenez challenges a 1999 conviction which he received for murder with a deadly weapon, for which he received a sentence of life in prison. He previously sought federal habeas corpus relief concerning this conviction, which was dismissed on the ground that the challenge was barred by the statute of limitations. Jimenez did not appeal this determination. See Jimenez v. Director, TDCJ-CID, civil action no. 9:02cv304 (E.D.Tex., dismissed June 26, 2003).

Instead, on October 17, 2008, Jimenez filed the present application for the writ of habeas corpus. In so doing, he used a standard Section 2254 habeas petition form but scratched out "2254" and wrote in "2241." He complains in the petition that he received ineffective assistance of counsel at trial.

After reviewing the petition, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice because Jimenez failed to secure permission from the Fifth Circuit Court of Appeals to file a successive petition, as required by 28 U.S.C. §2244. Jimenez filed objections to the Report.

1

In his objections, Jimenez argues that he brought his petition under Section 2241, not Section 2254, and so the rules governing successive petitions do not apply. However, prisoners cannot evade the procedural rules governing Section 2254 petitions by the simple expedient of claiming that their petitions are brought under Section 2241 instead. Gaines v. Dretke, slip op. no. 3:06cv778 (N.D.Tex., September 22, 2006) (unpublished) (available on WESTLAW at 2002 WL 2728826). This view has been universally taken by courts around the country; as the District Court of Rhode Island, collecting cases nationwide, explained:

> However, a habeas petitioner cannot avoid the procedural hurdles of the Antiterrorism and Effective Death Penalty Act by filing his petition under 28 U.S.C. 2241 rather than section 2254. Rittenberry v. Morgan, 468 F.3d 331, 336 (6th Cir. 2006); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (reading "§§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court"); Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 277 (2nd Cir. 2003) ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead. It is the substance of the petition, rather than its form, that governs.") (citations omitted); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)(stating that a prisoner in custody pursuant to the judgment of a state court "can only obtain habeas relief through § 2254 no matter how his pleadings are styled."); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)(noting that "[r]oughly speaking ... § 2254[is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because ... bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254"); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)("We have held that a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254."); cf. Greene v. Tennessee Dep't of Corr., 265 F.3rd 369 (6th Cir. 2001) ("[W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case.")(second alteration in original). Accordingly, Petitioner's attempt to circumvent the prohibition against successive petitions by styling the instant Petition as being brought under § 2241 should not be permitted.

Keselica v. Wall, civil action no. CA-07-67-T (D.R.I., March 20, 2007) (unpublished) (available on WESTLAW at 2007 WL 2667973). Similarly, Jimenez should not be allowed to circumvent the prohibition against successive petitions merely by writing in "2241" on the standard habeas corpus form.

2

In addition, the Fifth Circuit has held that habeas corpus petitions under 28 U.S.C. §2241 are used to challenge the manner in which a sentence is being carried out, rather than the validity of that sentence. *See* U.S. v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994). In this case, Jimenez is specifically bringing his petition to challenge the validity of his sentence, as shown by the fact that the basis of his claim is that he received ineffective assistance of counsel at trial. Jimenez's petition is properly construed as arising under 28 U.S.C. §2254, and as such, the Magistrate Judge did not err in determining that Jimenez must obtain permission from the Fifth Circuit Court of Appeals prior to pursuing his claims in the district court. Jimenez's objections are without merit.

The Court has conducted a careful de novo review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's response thereto, and all other pleadings, documents, and records in the case. Upon such de novo review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling conditioned upon receipt of leave from the Fifth Circuit Court of Appeals to file a successive petition. It is further

ORDERED that the Petitioner is hereby denied a certificate of appealability *sua sponte*, with the denial of such a certificate applicable only to an appeal of the present case and having no effect upon the Petitioner's right to seek permission to file a successive petition or to pursue his claims in the district court in the event that such permission is obtained. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED** this the **21** day of **January, 2009.**

_____
Thad Heartfield
United States District Judge